JAMIR DAVIS, Esq. SBN 98041 – PRO HAC VICE APPLICATION PENDING
**J. DAVIS LAW FIRM, PLLC**
106 WINGING WAY UNIT C
COVINGTON, KY 41011
TELE: (859) 750-5033
JDAVIS@JDAVISCOUNSEL.COM

CORTNEY WALTERS, Esq. FBN 125159
**THE LAW OFFICE OF CORTNEY WALTERS**
2719 HOLLYWOOD BLVD., SUITE A-1969
HOLLYWOOD, FL 33020
TELE; (954) 874-8022
CWALTERS@CEWLAWOFFICE.COM

ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE by and through A.W. and A.W. in her own capacity. | **Complaint** |
| Plaintiffs, | 1. **Disability Discrimination, Harassment, and Failure to Prevent in Violation of 29 U.S.C. §701 et seq.;** |
| v. | 2. **Battery;** |
| | 3. **Discrimination and Retaliation in Violation of the ADA and Section 504;** |
| HERNANDO COUNTY SCHOOL DISTRICT; EXPLORER K-8; SABREENA SARRAN; and ANDREW MACGREGOR in their individual and official capacity; and DOES 1-20 in their individual and official capacities. | 4. **Negligence;** |
| | 5. **Negligence Per Se;** |
| | 6. **Negligent Infliction of Emotional Distress;** |
| Defendants. | 7. **Intentional Infliction of Emotional Distress; and** |
| | 8. **Discrimination under the Fifth and Fourteenth Amendments to the United States Constitution U.S.C. § 1983** |

JURY TRIAL DEMANDED

## **INTRODUCTION**

1. JOHN DOE is a smart, kind, and happy eight-year-old. He enjoys school and loves to learn.

2. Notably, JOHN DOE is small for his age and has difficulty communicating through speech.

3. JOHN DOE has been diagnosed with multiple disabilities that limit his ability to articulate words and control his emotions.

4. His mother A.W., was actively seeking help for his impairments by sending him to EXPLORER K-8, a school operated by HERNANDO COUNTY SCHOOL DISTRICT (HCSD).

5. In August of 2022. JOHN started the second grade at EXPLORER K-8.

6. HCSD knew JOHN was susceptible to physical and verbal abuse because of his age, race, and disability.

7. HCSD demonstrated a deliberate indifference for JOHN's safety by placing JOHN in a environment with teachers unequipped to manage his needs.

8. As a result, HCSD allowed SARRAN and MACGREGOR, to physically abuse JOHN on multiple occasions while in a classroom on its campus.

9. HCSD intentionally and maliciously attacked JOHN because they knew of his limited ability to communicate with others.

10. A.W. reported the attacks to EXPLORER K-8 administration.

11. HCSD then exhibited bad faith by retaliating against JOHN and his mother A.W.

12. HCSD retaliated by writing referrals for JOHN without telling A.W. and forcing JOHN to sign the referrals.

13. EXPLORER K-8 administration would also make multiple police reports against JOHN

*JOHN DOE v. HERNNDO COUNTY SCHOOL DISTRICT, et al. – Complaint*

without notifying A.W.

14. Ultimately A.W. was forced to pull her son from EXPLORER K-8 because JOHN was not receiving the educational benefits required under the law and she feared for his safety.

## JURISDICTION

15. This action arises under 29 U.S.C. §701, et seq. Title 28 of the United States Code Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Hernando County, Florida which is within this judicial district. The Court has supplemental jurisdiction of Plaintiff's state-based claims pursuant to 28 U.S.C. §1367. Title 28 of the United States Code Section 1391 confers venue upon this Court.

## PARTIES

16. JOHN DOE (hereinafter referred to as "JOHN" individually or "PLAINTIFFS" collectively) is an African American male and all times herein mentioned is a citizen of the United States of America and a resident of Florida. JOHN is a minor, and the generic name is being used to protect and conceal his identity.  On August 10, 2022, JOHN was a student at  EXPLORER K-8 a school owned and operated by HERNANDO COUNTY SCHOOL DISTRICT. JOHN was in the second grade and assigned a 504 Plan.

17. A.W. (hereinafter "AW" individually or "PLAINTIFFS" collectively) is an African American female and at all times herein mentioned is a citizen of the United States of America and a resident of Florida. AW is using her initials in this pleading so as to protect the confidential identity of her minor son, who is referred to as JOHN. AW is the biological mother of JOHN and has legal custody.

*JOHN DOE v. HERNNDO COUNTY SCHOOL DISTRICT, et al. – Complaint*

18. HERNANDO COUNTY SCHOOL DISTRICT (hereinafter referred to as "HCSD" individually or "DEFENDANTS" collectively) is a public school district and is formed under the laws of Florida. HCSD is a public entity located at 919 North Broad Street Brooksville, Florida 34601. HCSD receives Federal financial assistance from the United States Department of Education and has signed a contractual Title VI assurances of compliance agreement.  HCSD was the school district of JOHN at all times when and where the allegations in this Complaint arose. PLAINTIFFS allege that HCSD is legally responsible and liable for the incidents giving rise to this Complaint and injuries and damages herein set forth. HCSD is liable for its conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission. HCSD is also liable for the actions of its employees, agents, or independent contractors, through vicarious or imputed liability, *Respondeat Superior.*

19. EXPLORER K-8 (hereinafter referred to as "EXPLORER" individually or "DEFENDANTS" collectively) is a public school operated by HCSD and formed under the laws of Florida. EXPLORER is a public entity located at 10252 Northcliffe Blvd. Spring Hill, Florida 34608. EXPLORER receives Federal financial assistance from the United States Department of Education and has signed a contractual Title VI assurances of compliance agreement. EXPLORER was the school of JOHN at all times when and where the allegations in this Complaint arose. PLAINTIFFS allege that EXPLORER is legally responsible and liable for the incidents giving rise to this Complaint and injuries and damages herein set forth. EXPLORER is liable for its conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership,

entrustment, custody, care or control upon any other act or omission. EXPLORER is also liable for the actions of its employees, agents, or independent contractors, through vicarious or imputed liability, *Respondeat Superior.*

20. SABREENA SARRAN (hereinafter referred to as "SARRAN " individually or "DEFENDANTS" collectively) was an agent of HCSD and worked at EXPLORER as a teacher on EXPLORER's campus. PLAINTIFF believes that SARRAN  is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. SARRAN is liable for her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

21. ANDREW MACGREGOR (hereinafter referred to as "MACGREGOR " individually or "DEFENDANTS" collectively) was an agent of HCSD and worked at EXPLORER as an administrator on EXPLORER's campus. PLAINTIFF believes that MACGREGOR is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. MACGREGOR is liable for his personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

22. PLAINTIFF is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20 inclusive, and therefore PLAINTIFF sues those Defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their names and capacities when ascertained. PLAINTIFF is informed and believes and there upon alleges that each of

the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein.

23. Each Defendant is sued as the agent and/or employer of each other acting in the course and scope of employment or contract with HCSD.

## STATEMENT OF FACTS

24. On or about August 10, 2022, JOHN started school at EXPLORER and at all relevant times JOHN was a student at EXPLORER in the second grade.

25. Prior to beginning at EXPLORER, JOHN was diagnosed with Focal Epilepsy, Attention-deficit Hyperactivity Disorder (combined type), Mixed Receptive-expressive Language Disorder, and Primary Insomnia. (Exhibit A)

26. HCSD operates EXPLORER.

27. HCSD and EXPLORER are responsible for educating all its students in an environment free from harassment and discrimination.

28. HCSD and EXPLORER are also required to provide adequate accommodations to students with documented learning disabilities.

29. Prior to JOHN starting classes at EXPLORER, HCSD was aware of JOHN's disabilities and knew JOHN needed accommodations in accordance with his Independent Education Plan (IEP), created on December 9, 2021. (Exhibit B)

30. At all relevant times HCSD was in possession of JOHN's IEP.

31. EXPLORER assigned SARRAN to teach JOHN'S second grade class.

32. However, HCSD failed to provide EXPLORER with JOHN's IEP.

33. As a result EXPLORER and SARRAN were unaware of details of JOHN's disability and were unable to provide adequate accommodations to JOHN.

34. On or about August 11, 2022 JOHN was in class and became frustrated about an assignment he could not complete in the time allotted by his teacher, SARRAN.

35. JOHN diligently tried to complete the assignment, but because he was not provided proper accommodations, he was unable to.

36. SARRAN, not understanding JOHN's educational needs or disability, demanded that JOHN stop working on the assignment.

37. JOHN became frustrated by SARRAN's request and showed his frustration by crying on the ground and kicking his feet.

38. SARRAN immediately attempted to restrain JOHN, but when she was unable to, SARRAN struck JOHN with a stick multiple-times.

39. JOHN was struck in his head and neck region by SARRAN.

40. SARRAN then called MACGREGOR, the assistant principal, for assistance.

41. MACGREGOR then immediately physically restrained JOHN by grabbing and twisting his ear, and putting his body weight on JOHN while he was on the ground.

42. JOHN was shocked and scared by the attack and he knew that if he didn't calm down, SARRAN and MACGREGOR would harm him further.

43. JOHN laid motionless on the ground so that he would not be further harmed.

44. As soon as the restraint ended, JOHN complained to the staff  at EXPLORER that his head was hurting and asked to see a nurse, where he was treated for his pain.

45. EXPLORER staff then called JOHN's mother, AW, and stated that JOHN was having headaches but did not mention that they were a result of physical injury. (Exhibit C)

46. EXPLORER intentionally misrepresented JOHN's injuries to AW because they knew that JOHN would be unable to communicate the incident and his injuries to his mother AW.

47. AW consented to JOHN being treated by EXPLORER not knowing JOHN's injuries were physically inflicted.

48. For the rest of the day, JOHN was tormented by what happened. He had flashbacks of the incident and immediately needed to tell someone he trusted what happened.

49. That afternoon, as soon as he was picked up by his mother, AW nervously told her what SARRAN and MACGREGOR did to him.

50. AW was shocked by what her son alleged and immediately called EXPLORER to make a complaint and request a meeting.

51. On or about August 12, 2022, AW and EXPLORER met.

52. At the meeting EXPLORER administration denied the allegations but said that they were going to perform an internal investigation.

53. EXPLORER administration failed to thoroughly investigate the matter and also failed to report the allegations to Department of Children and Families, which is required under the law.

54. EXPLORER's failure to investigate and report the conduct of SARRAN and MACGREGOR would lead to JOHN being attacked on more occasions by SARRAN and MACGREGOR.

55. After the initial incident on August 11, 2022, JOHN would continue to be physically assaulted by EXPLORER staff.

56. On multiple occasions JOHN complained to AW that SARRAN and MACGREGOR would twist his limbs and ears, pin him to the ground, and use other physical restraints against him.

57. JOHN attempted to communicate the attacks to AW but was limited in his ability to do so because of his speech impediment.

58. AW would continue to make both verbal and written complaints to EXPLORER about how JOHN was being treated but her complaints would go unaddressed.

59.  In retaliation for the complaints by AW, SARRAN and MACGREGOR and other EXPLORER staff would attempt to cover up and justify their actions by writing disciplinary referrals for JOHN without telling AW and forcing JOHN to sign the referrals. (Exhibit D)

60. In retaliation, starting on August 18, 2022, EXPLORER administration started making police reports to the Hernando County Sheriff's Office against JOHN without notifying AW. (Case # 22-24469, Case # 22-25011, and Case # 22-27114)

61. In retaliation EXPLORER administration also reported to Department of Children and Families that AW had physically abused JOHN although there was no evidence of such abuse.

62. During this time EXPLORER special education staff failed to address the disciplinary referrals during JOHN's IEP meetings and never held a manifestation hearing to determine if JOHNS alleged behavior was a result of his documented disabilities.

63. Once AW was made aware of the referrals and reports to the Sheriff's Office, she again complained to EXPLORER administration about its policies and procedures.

64. This led SARRAN and MACGREGOR and school administration to retaliate against JOHN and AW again.

65. On or about September 12, 2022, SARRAN and MACGREGOR planted a box cutter in JOHN's book bag and claimed it was his. (Exhibit E)

66. During the investigation of the box cutter incident JOHN confirmed that he did not even know what the box cutter was and that he had never seen it before.

67. AW confirmed with EXPLORER administration that she had packed JOHN's book bag the

morning of the incident and that there was no box cutter in the bag that morning.

68. JOHN was suspended as a result of the box cutter incident. (Exhibit F)

69. DEFENDANTS again failed to hold an IEP meeting to address the suspension or to determine if JOHN's alleged behavior was a result of his documented disabilities.

70. AW put HCSD on notice of all of the above acts by EXPLORER and HCSD failed to take any action.

71. As a result, of the continued assault, battery, harassment, discrimination, and retaliation, JOHN did not receive the educational benefits required under the law.

72.  AW feared for the health and safety of JOHN and was forced to withdraw JOHN from EXPLORER.

73. AW and JOHN have suffered mental anguish, anxiety, depression, shame, fear, and a whole host of other emotions because of the acts of the DEFENDANTS.

74. AW and JOHN have accrued countless expenses and as a result prays for relief as hereinafter set forth.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION, HARASSMENT AND FAILURE TO PREVENT

### (29 U.S.C. §701 et. seq.)

### (JOHN v. ALL DEFENDANTS)

75. JOHN incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

76. At all relevant times mentioned herein JOHN is a male minor, and a resident of Florida, who has been identified as having a disability.

77. SARRAN, a teacher assigned to JOHN by EXPLORER and HCSD, harassed, abused, and retaliated against JOHN by committing battery against him, forcing him to sign documents

without his mother's consent and ultimately planted a box cutter in his book bag to create

cause to suspend him. The acts by DEFENDANTS were severe and pervasive because they

deprived JOHN of access to educational benefits and opportunities at a school that other

students without disabilities enjoyed.

78. SARRAN AND MACGREGOR specifically targeted JOHN because they knew that his

disability limited his ability to clearly communicate feelings, emotions, and events.

79. DEFENDANTS and DOES 1-20 demonstrated a deliberate indifference for the safety of

JOHN by allowing him to be physically abused, and not reporting the acts to Department

Children and Families.  EXPLORER and DOES 1-20 did not monitor SARRAN AND

MACGREGOR interactions with JOHN. Furthermore, HCSD allowed EXPLORER and

other DEFENDANTS to retaliate against JOHN.

80. DEFEDNANTS and DOES 1-20 also exhibited bad faith by failing to properly investigate

the situation, failing to formally notify parents, failing to provide counseling services to

JOHN and failing to change its policies and procedures to ensure that students were no

longer subject to this type of discrimination, retaliation, and harassment.

81. As a result of DEFENDANTS' discrimination in violation of Section 504, PLAINTIFF has

been denied education opportunities and benefits, thereby entitling him to injunctive and

equitable monetary relief; and PLAINTIFF has suffered anguish, humiliation, distress,

inconvenience and loss of enjoyment of life because of DEFENDANTS' actions, thereby

entitling JOHN to compensatory damages.

82. In the discriminatory actions as alleged above, DEFEDNATS and DOES 1-20 have acted

with malice or reckless indifference to the rights of JOHN, thereby entitling JOHN to an

award of punitive damages against DEFENDANTS and DOES 1-20.

*JOHN DOE v. HERNNDO COUNTY SCHOOL DISTRICT, et al. – Complaint*

WHEREFORE, JOHN prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### BATTERY ( Title 46 Chapter 784.03)

### (JOHN v. SARRAN AND MACGREGOR)

83. JOHN incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

84. SARRAN AND MACGREGOR actually touched or struck JOHN. Therefore, HCSD and EXPLORER are liable under the doctrine of *Respondent Superior* or vicarious liability in the negligent hiring, retention and supervision of its employees and/or contractors.

85. SARRAN AND MACGREGOR forcibly and intentionally struck JOHN in his head and neck region with a stick, held him down forcibly, and twisted his limbs on multiple occasions causing direct contact.

86. Furthermore, JOHN was in imminent apprehension of harmful or offensive contact and did not welcome the contact by SARRAN AND MACGREGOR.

87. JOHN who was a minor at the time of the incident did not consent and could not legally consent to the contact by SARRAN AND MACGREGOR.

88. SARRAN AND MACGREGOR's actions subjected JOHN to unwanted harmful and offensive contact and resulted in physical and mental anguish and harm to JOHN.

89. By reason of the conduct of DEFENDANTS as alleged herein, JOHN has necessarily retained attorneys to prosecute the present action. JOHN is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

90. DEFENDANTS engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring JOHN; with the conscious disregard of

the rights and safety of JOHN; and with an improper and evil motive amounting to malice.

JOHN is thus entitled to recover punitive damages from SARRAN AND MACGREGOR in

an amount according to proof.

WHEREFORE, JOHN prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**DISCRIMINATION AND RETALIATION (ADA and Section 504 of the Rehabilitation**

**Act)**

**(JOHN v. ALL DEFENDANTS)**

91. JOHN incorporates the foregoing paragraphs by reference, as though fully reproduced herein.

92. At all relevant times mentioned herein JOHN was a member of a protected class because in

his IEP he has been identified as having multiple disabilities.

93. JOHN was discriminated against because he was not provided educational instruction in

accordance with his IEP, he was physically and mentally abused, and did not have his IEP

reviewed to determine if he was receiving a Free Adequate Public Education.

94. JOHN suffered adverse actions when DEFENDANTS wrote him multiple referrals, filed

police reports against him, and planted a box cutter in his book bag to ultimately justify

suspending him from school without the knowledge or consent of AW.

95. There is a causal link between the complaints of discrimination and the adverse actions

because the adverse actions occurred after AW voiced multiple concerns about

DEFENDANTS' treatment of JOHN and the accommodations he was not receiving, which

were required by JOHN's IEP.

96.  By reason of the conduct of DEFENDANTS as alleged herein, JOHN has necessarily

retained attorneys to prosecute the present action. JOHN is therefore entitled to reasonable

attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

97. DEFENDANTS engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring JOHN; with the conscious disregard of the rights and safety of JOHN; and with an improper and evil motive amounting to malice. JOHN is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

WHEREFORE, JOHN prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

### (PLAINTIFFS v. DEFENDANTS and DOES 1-20)

98. PLAINTIFFS incorporate the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

99. In the alternative, PLAINTIFFS allege DEFENDANTS negligent actions and/or negligent failure to act within the scope and course of their duties as a school district and recipient of Federal funding, as set forth hereinabove, approximately caused severe injury to PLAINTIFFS.

100.    At all times mentioned herein, DEFENDANTS and DOES 1-20 were acting within the course and scope of their employment and/or agency with HCSD. As such, HCSD is liable in respondeat superior for the injuries caused by the acts and omissions of DEFENDANTS and DOES 1-20 pursuant to Florida Common Law in the negligent hiring, retention and

supervision of its employees and/or contractors.

101.    As an actual and proximate result of said DEFENDANTS and DOES 1-20  negligence

and physical injuries and emotional injuries sustained by PLAINTIFFS, PLAINTIFFS have

sustained pecuniary loss resulting from the loss of comfort, society, attention and services, in

an amount to be determined at trial.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE PER SE**

**(PLAINTIFFS v. DEFENDANTS and DOES 1-20)**

102.    PLAINTIFFS incorporate the foregoing paragraphs by reference, as though fully

reproduced herein, except for any and all allegations of intentional, malicious, extreme,

outrageous, wanton, or oppressive conduct by defendants, and any and all allegations

requesting punitive damages.

103.    In the alternative, PLAINTIFFS allege DEFENDANTS violated a public safety statute

Chapter 39 Section 201, which requires reports of child abuse, abandonment, or neglect,

sexual abuse of a child to Department of Children and Families.

104.    JOHN is a child with a speech impediment and is a member of the public in which the

statute was meant to protect.

105.    AW is the mother of a child with a speech impediment and is a member of the public  in

which the statute was meant to protect.

106.    JOHN and AW's injuries include those the statute was intended to prevent because they

were continuously assaulted by SARRAN and MACGREGOR.

107.    DEFENDANTS violation of the public safety statute directly caused PLAINTIFFS

*JOHN DOE v. HERNNDO COUNTY SCHOOL DISTRICT, et al. – Complaint*

injuries.

108.    The negligent actions and/or negligent failure to act within the scope and course of their duties as a school and recipient of Federal funding, as set forth hereinabove, approximately caused severe injury to PLAINTIFFS.

109.    At all times mentioned herein, DEFENDANTS and DOES 1-20 were acting within the course and scope of their employment and/or agency with HCSD. As such, HCSD is liable in respondeat superior for the injuries caused by the acts and omissions of DEFENDANTS and DOES 1-20

110.    As an actual and proximate result of said DEFENDANTS and DOES 1-20  negligence and physical injuries and emotional injuries sustained by PLAINTIFFS, PLAINTIFFS have sustained pecuniary loss resulting from the loss of comfort, society, attention and services, in an amount to be determined at trial.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## (PLAINTIFFS v. DEFENDANTS and DOES 1-20)

111.    PLAINTIFFS incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

112.    In the alternative, PLAINTIFFS alleges DEFENDANTS and DOES 1-20 negligent actions and/or negligent failure to act within the scope and course of their responsibilities as a recipient of Federal funding, as set forth herein-above approximately cause severe physical

injury and serious emotion distress to PLAINTIFFS.

113.    The present action is brought pursuant to the laws of Florida. As a public entity and

public employees, DEFENDANTS and DOES 1-20 are liable for injuries caused by their acts

or omissions to the same extent as a private person. At all times mentioned herein,

DEFENDANTS and  DOES 1-20 were acting within the course and scope of their

employment and/or agency with HCSD. As such, Defendant HCSD is liable in respondeat

superior for the injuries caused by the acts and omissions of DEFENDANTS and DOES 1-

20.

114.    DEFENDANTS' negligence was a substantial factor in causing PLAINTIFFS

serious emotional distress including both physical and emotional suffering, fright,

nervousness, anxiety, worry, shock, humiliation, and shame.

WHEREFORE, PLAINTIFFS prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(PLAINTIFFS v. ALL DEFENDANTS)**

115.    PLAINTIFFS incorporates the foregoing paragraphs by reference, as though fully

reproduced herein.

116.    The present action is brought pursuant to Common Law of Florida, as a public entity and

public employees, DEFENDANTS and DOES 1- 20 are liable for injuries caused by their

acts or omissions to the same extent as a private person. At all times mentioned herein,

DEFENDANTS and DOES 1-20 were acting within the course and scope of their

employment and/or agency with HCSD. As such, Defendant HCSD is liable in respondeat

superior for the injuries caused by the acts and omissions of DEFENDANTS and DOES 1-

20.

117.    DEFENDANTS perpetuated a battery on JOHN. The DEFENDANTS and DOES 1-20

failed to intervene and did not provide JOHN any support or resources and never attempted

to limit its exposure to the harm.

118.    JOHN has a right to be free from such callous actions aimed at inflicting mental and

emotional damage and this right was violated by said Defendants, inclusive.

119.    AW and JOHN have suffered extreme emotional and mental damage as a result of the

actions and/or inactions of Defendant's.

120.    DEFENDANTS' actions were wanton, malicious, and designed to inflict physical,

emotional and mental harm on PLAINTIFFS.

WHEREOFRE, PLAINTIFFS prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**Discrimination under the Fifth and Fourteenth Amendments to the United States**

**Constitution (§ 1983)**

**(ALL PLAINTIFFS v. ALL DEFENDANTS)**

121.    JOHN incorporates the foregoing paragraphs by reference, as though fully reproduced

herein.

122.    JOHN is an African American male with a disability, and a resident of Florida.

123.    At all relevant times mentioned herein, JOHN was an enrolled student at HCSD.

124.    DEFENDANTS acting through its agents under color of law, intentionally deprived

JOHN of his rights under the Fifth and Fourteenth Amendments to the United States

Constitution.

125.    DEFENDANTS deprived JOHN of his rights by intentionally and deliberately physically

attacking JOHN with hands and weapons, by writing referrals and police reports against JOHN and forcing him to sign them without due process, and by planting a box cutter in JOHN's book bag.

126.    In addition to its use of threatening force, DEFENDANTS, intimidated JOHN and AW by suspending JOHN without a proper hearing.

127.    By reason of the conduct of DEFENDANTS as alleged herein, JOHN has necessarily retained attorneys to prosecute the present action. JOHN is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

128.    DEFENDANTS engaged in the acts alleged herein maliciously, fraudulently, and oppressively; with the wrongful intention of injuring JOHN; with the conscious disregard of the rights and safety of JOHN; and with an improper and evil motive amounting to malice. JOHN is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

WHEREFORE, JOHN prays for relief as hereinafter set forth.

## JURY DEMAND

129.    PLAINTIFFS HEREBY DEMAND A JURY TRIAL.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray that the Court grant relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present, and/or future wage loss, medical expenses, and other special damages to be determined according to proof;

For punitive and/or exemplary damages against DEFENDANTS in a sum according to

proof;

For preliminary and permanent injunctive relief according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C.

§794(a);

For all other relief to which the Court deems just and proper.


**Date: August 8, 2023**


                                        **The Law Office of Cortney E. Walters, PLLC**
                                        2719 Hollywood Blvd., Suite A-1969
                                        Hollywood, FL 33020
                                        /s/ Cortney Walters, Esq.
                                        CORTNEY WALTERS, Esq.
                                        Florida Bar No. 125159
                                        cwalters@cewlawoffice.com
                                        (954) 874-8022

**Proof of Service**

I, Cortney Walters, am a citizen of the United States. I am over the age of 18 years old and am not a party to the within action.:

**Complaint**

JOHN DOE by and through A.W. and A.W. in
her own capacity.

             Plaintiffs,

     v.

HERNANDO COUNTY SCHOOL DISTRICT;
EXPLORER K-8; SABREENA SARRAN; and ANDREW MACGREGOR in their individual and official capacity; and DOES 1-20 in their
individual and official capacities.

             Defendants.

**BY ELECTRONIC MAIL: I caused the document(s) to be filed electronically via ECF. I did not receive a notification that the electronic transmission was unsuccessful.**

Executed on August 8, 2023.