UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE BY AND THROUGH
A.W.,

    Plaintiff,

v.   Case No: 8:23-cv-1772-CEH-AAS

HERNANDO COUNTY SCHOOL
DISTRICT, EXPLORER K-8,
SABREENA SARRAN, ANDREW
MACGREGOR and DOES 1-20,

    Defendants.

## ORDER

This cause comes before the Court *sua sponte*. Proceeding anonymously,[1] Plaintiffs sue the Hernando County School District and related parties alleging various causes of action related to John Doe's treatment by elementary school officials. Doc. 1. For the reasons articulated below, the complaint constitutes a shotgun pleading. Therefore, the Court will dismiss the complaint and grant Plaintiff leave to file an amended complaint.

---

[1] Plaintiffs explain that they are using the generic name John Doe and the initials of his mother, A.W., to protect the confidential identity of Doe, who is a minor. Doc. 1 ¶¶ 1, 16-17. Fictitious pleading is not permitted in federal court, as Federal Rule of Civil Procedure 10(a) requires that every pleading name all the parties. Fed. R. Civ. P. 10(a). However, a party may proceed anonymously if the party can establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). To the extent that Plaintiffs wish to proceed anonymously in this action, they must seek leave to do so from the Court.

## DISCUSSION

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. The first of the four types is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Further, a complaint that fails to separate "into a different count each cause of action or claim for relief" constitutes the third general type of shotgun pleadings. *Id.* at 1322–33; *see also Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump claims together in one count); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Fed. R. Civ. P. 10(b)).

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading. When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Here, the complaint is the first and third types of shotgun pleading. First, each count incorporates all, or nearly all, prior allegations in the complaint, improperly rendering the final count a combination of the entire complaint. Doc. 1 ¶¶ 83, 91, 98, 102, 111, 115, 121.

Second, several of the counts group multiple causes of action and legal theories under the veil of a single count. For example, Count I alleges that all Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. Doc. 1 ¶¶ 75-82. Yet the accompanying allegations appear to allege more than one distinct theory of recovery, some of which vary depending on which Defendant allegedly acted. *Id.* Count III alleges both discrimination and retaliation in violation of the Americans with Disabilities Act, even though they are separate legal theories with different

3

elements. *Id.* ¶¶ 91-97. Several of the counts allege that some Defendants are liable under a theory of respondeat superior, while alleging that others are directly liable within the same count. *See id.* ¶¶ 100, 109, 113, 116.

To avoid improper commingling, claims that Plaintiffs assert under distinct theories of liability must be set forth in different counts. This is particularly true when Plaintiffs intend to pursue different theories against different Defendants. *See, e.g., Hernandez v. CareerSource Palm Beach Cnty., Inc.*, No. 22-81149-CIV, 2023 WL 4042012, *2 (S.D. Fla. June 16, 2023) (dismissing complaint as shotgun pleading because, *inter alia*, it referred to multiple theories of discrimination in a single count); *Liss v. Jacksonville Aviation Authority*, No. 3:19-cv-185, 2019 WL 3717942, *5 (M.D. Fla. Aug. 7, 2019) (complaint "impermissibly incorporated several potential claims" into one count, "combining multiple theories and allegations regarding disparate conduct by disparate actors"); *Perry v. Singh*, No. 6:18-cv-1424, 2018 WL 11488005, *4-5 (M.D. Fla. Dec. 18, 2018) (combining claims for "disparate treatment/unequal pay/failure to promote" into a single count constituted forbidden shotgun pleading); *Gharfeh v. Carnival Corp.*, No. 17-20499-CIV, 2018 WL 501270, *6 (S.D. Fla. Jan. 22, 2018) (dismissing as shotgun pleading complaint that combined theories of respondeat superior and direct negligence into a single count). As currently pleaded, the complaint constitutes an impermissible shotgun pleading.

Therefore, the Court will dismiss the complaint and grant Plaintiffs leave to file an amended complaint which conforms to the Federal Rules of Civil Procedure and

the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiffs must avoid shotgun pleading pitfalls and comply with applicable pleading requirements.

Accordingly, it is **ORDERED**:

1. Plaintiffs' complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiffs are granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this order, which must correct the deficiencies discussed herein. **Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties