UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE BY AND THROUGH A.W.,

    Plaintiff,

v.                           Case No: 8:23-cv-1772-CEH-AAS

HERNANDO COUNTY SCHOOL DISTRICT, EXPLORER K-8, SABREENA SARRAN, ANDREW MACGREGOR and DOES 1-20,

    Defendants.

## ORDER

This cause comes before the Court *sua sponte*, upon its review of the Amended Complaint (Doc. 15), filed in response to this Court's Order, dated September 6, 2023, dismissing the original complaint as a shotgun pleading (Doc. 10). The Amended Complaint continues to constitute a shotgun pleading and is therefore due to be dismissed.

## DISCUSSION

The Court's prior Order notified Plaintiffs that commingling multiple legal theories with different elements within the same count renders a complaint an impermissible shotgun pleading. Doc. 10 at 3-4. In the original complaint, the Court observed that "[s]everal of the counts allege that some Defendants are liable under a theory of respondeat superior, while alleging that others are directly liable within the

same count." *Id.* at 4. Although the Amended Complaint addressed some of the ways in which the complaint was a shotgun pleading, it failed to correct the commingling of different theories. Count II, for example, alleges that Defendants Sarran and MacGregor committed battery by actually touching or striking the plaintiff, while alleging that the school district and school "are liable under the doctrine of respondeat superior or vicarious liability in the negligent hiring, retention and supervision of its employees and/or contractors." Doc. 15 ¶ 86. Count I combines theories of discrimination, harassment, and failure to prevent into one claim, seeking to hold Sarran and MacGregor directly liable for their alleged abuse and battery, while alleging that the school district, school, and the Defendant Does are liable for demonstrating deliberate indifference and failing to monitor Sarran and MacGregor, investigate the situation, or change its policies and procedures. *Id.* ¶¶ 77-78, 80, 82.

Therefore, the Court will dismiss the Amended Complaint and provide Plaintiffs one final opportunity to file an amended complaint that complies with applicable pleading requirements. Plaintiff is cautioned that the failure to file a second amended complaint that corrects the deficiencies identified herein within the time provided may result in the dismissal of this action with prejudice, without further notice.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Amended Complaint (Doc. 15) is DISMISSED without prejudice as a shotgun pleading.

2. Plaintiffs are granted leave to file a second amended complaint within FOURTEEN (14) DAYS from the date of this Order, which must correct

the deficiencies discussed herein.  **Failure to file an amended complaint that corrects the deficiencies within the time provided may result in dismissal of this action with prejudice, without further notice.**

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties