## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOHN DOE by and through A.W.**
**and A.W. in her own capacity.**

      **Plaintiff,**

**v.**                                                  **Case No: 8:23-cv-01772-CEH-AAS**

**HERNANDO COUNTY SCHOOL DISTRICT;**
**EXPLORER K-8; SABREENA SARRAN; and**
**ANDREW MACGREGOR in their individual**
**and official capacity; and DOES 1-20 in their**
**individual and official capacities.**

      **Defendants,**

_____/

### PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

NOW COMES Plaintiffs John Doe #1, 2 and 3, through counsel, and move this Court for leave to proceed anonymously in this action. The motion is made pursuant to Rule 10(a) of the Federal Rules of Civil Procedure and Doe v. Frank, 951 F.2d 320 (11th Cir. 1992). In support of this motion, Plaintiffs state as follows:

1. While Rule 10(a) generally requires that the complaint "name all parties," the Eleventh Circuit has allowed anonymous filing if the plaintiff possesses "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992).

2. In Frank, the Eleventh Circuit instructed that plaintiffs should be allowed to proceed anonymously in rare situations "involving matters of a highly sensitive and personal nature." Frank, 951 F.2d at 324. Plaintiffs' challenge to Miami-Dade County's residency restrictions for individuals formerly convicted of sexual offenses warrants anonymous filing under Frank.

3. Courts in the Eleventh Circuit and elsewhere have routinely recognized challenges to "sex offender" laws as one of the rare situations justifying anonymous suits. See Doe v. Moore, 410 F.3d 1337 (11th Cir. 2005) (anonymous challenge to Florida's sex offender registration and notification laws); Doe v. Baker, No. 05-cv-2265, 2006 WL 905368 (N.D. Ga. April 5, 2006) (anonymous challenge to Georgia's sex offender residency law); Doe v. Pryor, 61 F.Supp.2d 1224 (M.D. Ala. 1999) (anonymous challenge to Alabama's sex offender registration and residency law); see also Smith v. Doe, 584 U.S. 84 (2003) (anonymous challenge to Alaska's sex offender registration law); Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1 (2003) (anonymous challenge to Connecticut's sex offender registration law).

4. Plaintiffs have substantial privacy and security interests in protecting their confidentiality. Plaintiffs' challenge residency restrictions that prevent them from living within 2,500 feet of a school. (Ord. No. 10-01, 1-21-10, amending Article XVII of Chapter 21 of the Code of Miami-Dade County, "The Miami-Dade County Sexual Offender and Sexual Predator Ordinance"). Success on these claims may allow Plaintiffs to reside nearer to schools and in neighborhoods from which the county's residency restriction previously banished them.

5. The very threat of Plaintiffs and others like them moving into new areas of the community may incite public anger and frustration. Given the public's generalized fear of sex offenders regardless of the offender's actual risk to public safety, identifying Plaintiffs could expose them to public condemnation and vigilantism.[1]

6. Plaintiffs John Doe #1 and #3 are currently homeless. They have no shelter or protection from such unforeseeable attacks. Indeed, fleeing from a potential threat for their personal safety would expose them to arrest.

7. John Doe #2 was previously homeless but his probation officer recently allowed him to move back to a location Defendants had deemed off limits under the Ordinance. In addition to exposing him to vigilantism, revealing his identity may subject him to eviction and homelessness should Defendants again change their enforcement of the Ordinance.

8. The need to protect Plaintiffs' privacy and safety during this lawsuit outweighs the presumption of judicial openness codified in Rule 10(a). See Estate of Rodriguez v. Drummond Co., Inc., 256 F.Supp.2d 1250, 1257 (N.D. Ala. 2003) (discussing Frank, 951 F.2d 320).

WHEREFORE, Plaintiffs move this Court to grant them leave to proceed anonymously in this action.

I have conferred with the opposing parties and represent that opposing parties HERNANDO COUNTY SCHOOL DISTRICT; EXPLORER K-8; SABREENA SARRAN; and ANDREW MACGREGOR in their individual and official capacity; and DOES 1-20 in their individual and official capacities do oppose this motion.

Date: October 23, 2014

Respectfully submitted,

/s/Cortney Walters, Esq.
Cortney Walters, Esq.
2719 Hollywood Blvd.
Suite A-1969
Hollywood, FL 33020
(954) 874-8022
cwalters@cewlawoffice.com
www.cewlawoffice.com

**Proof of Service**

I, Cortney Walters, am a citizen of the United States. I am over the age of 18 years old and caused the document(s) to be filed electronically via ECF to the following parties. I did not receive a notification that the electronic transmission was unsuccessful.

**Michael Lee Becker**
Weiss Serota Helfman Cole Bierman
2631 NW 41 Street
Building B
Gainesville, FL 32606
352-416-0066
mbecker@wsh-law.com

**David McKinnon Delaney**
Weiss Serota Helfman Cole & Bierman, P.L.
2631 NW 41st Street
Building B
Gainesville, FL 32605
352-416-0066
352-416-0098 (fax)
Ddelaney@wsh-law.com

**Joshua B. Walker**
Walker, Revels, Greninger, PLLC
189 S. Orange Avenue
Suite 1600
Orlando, FL 32801
407-789-1830
321-251-2990 (fax)
jwalker@wrg.law

**Corey White**
Walker, Revels, Greninger, PLLC
189 S. Orange Avenue
Suite 1600
Orlando, FL 32701
407-789-1830
cwhite@wrg.law

Executed on October 24, 2023.

/s/Cortney Walters, Esq.
Cortney Walters, Esq.