UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN DOE by and through A.W. and A.W. in her own capacity,**

    Plaintiffs,

v.                                                      Case No. 8:23-cv-1772-CEH-AAS

**HERNANDO COUNTY SCHOOL DISTRICT; EXPLORER K-8; SABREENA SARRAN; and ANDREW MACGREGOR in their individual and official capacity; and DOES 1-20 in their individual and official capacities,**

    Defendants.
_____/

## ORDER

Defendants Sabreena Sarran and Andrew Macgregor request the court compel Plaintiffs John Doe and A.W. to supplement their initial disclosures with a computation of their alleged damages as required by Rule 26(a)(1)(A)(iii). (Doc. 53). The plaintiffs contend their vague computations satisfy Rule 26. (Doc. 56).

Federal Rule of Civil Procedure 26(a) provides:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> ....

1

> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(a) further provides, "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case[.]" Fed. R. Civ. P. 26(a)(1)(E).

Under Fed R. Civ. P. 26(a)(1), "It is not Defendant's task to calculate Plaintiff's damages for her, nor must Defendant be left to guess as to the elements of Plaintiff's claimed damages. Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in a mind that a party is under a duty to supplement its response, as appropriate." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007). "[A]lthough estimates are often necessary in lieu of the precise damage calculation, they do not preclude a party from complying with the rule." *Peninsula Grp. Capital Corp. v. Greater Orlando Aviation Auth.*, No. 6:09-cv-2097-Orl-35GJK, 2010 WL 11507775, at *3 (M.D. Fla. June 17, 2010). "[T]o comply with the initial disclosure requirements of Rule 26, parties must perform 'some analysis,' and cannot rely on general statements." *Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435-CIV, 2008 WL 11320010,

2

at *2 (S.D. Fla. Feb. 28, 2008) (citing *McBride v. Coats*, No. 8:06-cv-1490-T-24EAJ, 2007 WL 3144028, *1 (M.D. Fla. Oct. 24, 2007)).

The plaintiffs' initial disclosures fail to meet the requirements of Rule 26. The defendants are entitled to the plaintiffs' damages computation. *See Go Mobile Flooring, LLC v. Blue Banyan Sols., Inc.*, 663 F. Supp. 3d 1294, 1303 (M.D. Fla. 2023) ("[T]he rule, by its very terms … requires a computation, supported by documents.") (quotation omitted).

The defendants also request their reasonable attorney's fees in bringing this motion to compel under Rule 37(a)(5)(A). (Doc. 53, pp. 6–7). The undersigned finds an award of attorney's fees unjust at this time. Accordingly, the motion to compel (Doc. 53) is **DENIED in part** as to the request for attorney's fees under Rule 37. The defendants' motion to compel (Doc. 53) is **GRANTED in part** as to the request to compel the plaintiffs to provide a computation of damages as required by Rule 26(a)(1)(A)(iii). By **August 9, 2024**, the plaintiffs must supplement their initial disclosures to include their calculation methodology.

**ORDERED** in Tampa, Florida on July 25, 2024.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3