UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE BY AND THROUGH
A.W., and A.W.

    Plaintiffs,

v.                                         Case No: 8:23-cv-1772-CEH-AAS

HERNANDO COUNTY SCHOOL
BOARD,

    Defendants.
_____

## ORDER

This matter is before the Court on Defendant Hernando County School Board's Motion to Strike Portions of Fourth Amended Complaint (Doc. 124). Plaintiffs have responded in opposition. Doc. 125. The motion is due to be granted-in-part and denied-in-part.

## DISCUSSION

The Court's Order dated June 30, 2025 granted Plaintiffs leave to file a Fourth Amended Complaint in accordance with the Order, and it directed Defendant to file a motion to strike any portions of it that did not comply with the Order. Doc. 122.

Defendant now moves to strike the following portions of the Fourth Amended Complaint

1. The description of Plaintiff's compliance with Fla. Stat. § 768.28 in paragraph 18;

2. A reference to former defendant Explorer K-8 in paragraph 22 and the caption of the Fourth Amended Complaint;

3. The general demand for punitive damages in the Prayer for Relief.; and

4. The demand for preliminary and permanent injunctive relief in the Prayer for Relief.

Explorer K-8, Injunctive Relief, and Punitive Damages

Plaintiffs explain that they do not oppose striking the reference to Explorer K-8 in the case caption and paragraph 22, nor the reference to injunctive relief in the Prayer for Relief. Doc. 126 at 3. Therefore, this language will be stricken from the Fourth Amended Complaint and Explorer K-8 will be terminated from this action.

With respect to the reference to punitive damages in the Prayer for Relief, Plaintiffs state that it is not directed toward any of the claims for which the Court dismissed the demand for punitive damages. Nonetheless, they "are willing to amend" it to clarify this, which would "eliminate the need for the Court to strike the current language. *Id.*

As the Court has previously indicated, *see* Doc. 122, no further amendments of the complaint will be granted and this action will proceed on the Fourth Amended Complaint. But an amendment is not necessary, in any event, because the reference to punitive damages in the Prayer for Relief is most clearly understood to relate back to the specific requests for punitive damages from Sarran and MacGregor in Counts 1, 2, 7, and 8; Defendant does not argue that these requests violate the June 30 Order. Therefore, this aspect of the motion to strike is due to be denied.

Pre-Suit Notice Requirement

In the June 30 Order, after observing that the pre-suit notice requirement in Fla. Stat. § 768.28(a)(2) is strictly construed, the Court dismissed without prejudice the negligence claims in counts 13 and 15 of the Third Amended Complaint, because the prior complaint did not allege that Plaintiffs provided the requisite notice. Doc. 122 at 16-17. However, because the time period to do so had not yet expired, the Court stated,

> To the extent Plaintiffs intend to pursue their negligence claims, they must strictly comply with all requirements of § 768.28(6)(a) and provide *detailed allegations* regarding their compliance in the Fourth Amended Complaint. … If additional time is needed to comply, Plaintiffs must file a detailed motion for extension of Case Management and Scheduling Order deadlines that indicates the status of their efforts.

Doc. 122 at 18, 46 (emphasis added); *see also id.* at 43.

The Fourth Amended Complaint includes two counts, 5 and 6, which are the same as counts 13 and 15 under the former complaint. With respect to pre-suit notice, paragraph 18 states:

> Although Plaintiffs reasonably believed it would be futile to seek redress from the Florida Department of Financial Services, Explorer K-8, and the Hernando County School Board, they nonetheless submitted formal notices to each of these entities pursuant to the requirements of Fla. Stat. § 768.28. To date, no responses have been received. This satisfies the statutory notice requirements applicable to (former) Causes of Action 13 and 15.

Doc. 122 ¶ 18.

Defendant argues that paragraph 18 of the Fourth Amended Complaint is a "barebone allegation…devoid of any factual support demonstrating that they strictly

3

complied with the statutory mandate." Doc. 124 at 3. Plaintiffs respond that paragraph 18 complies with the Order, and argue that they provided Defendant with actual notice that fulfills the statutory purpose of the pre-suit notice requirement. Doc. 125 at 2. Further, Plaintiffs note that strict compliance with the statute would require them to "await a full 60-day response period before initiating suit" which would "effectively extend litigation timelines beyond the applicable statute of limitations, thereby prejudicing Plaintiffs' right to timely file claims." *Id.*

Plaintiffs attach a copy of a letter dated July 14, 2025, addressed to the Florida Department of Financial Services, the principal of Explorer K-8, and the superintendent of the Hernando County School Board, which indicates it is intended to serve as notice pursuant to § 768.28. *See* Doc. 126-2 at 1-7.

Paragraph 18 of the Fourth Amended Complaint does not comply with the Court's Order. Its allegations cannot be described as "detailed," as they fail to contain the date, method, or content of the notices. Moreover, Plaintiffs volunteer they did not strictly comply with the requirements of § 768.28, because they did not wait 60 days for a response; they assert that the Court should not require strict compliance because it would prejudice them. But the proper time to raise such a claim was in Plaintiffs' response in opposition to the motion to dismiss, in a motion for reconsideration of the Court's June 30 Order, or in the motion to extend Case Management and Scheduling Order deadlines that the Court invited them to submit if necessary. Instead, Plaintiffs indicate that they simply chose not to comply, perhaps hoping that Defendant would not object. And, indeed, Defendant did not. Defendant

4

requests to strike paragraph 18 because the allegations are not detailed enough, but it does not move to strike or dismiss Counts 5 and 6 for failure to comply with the notice requirement; nor does it even argue that Plaintiffs did not comply with the notice requirement. Absent a request or motion from Defendant, the Court will not *sua sponte* strike or dismiss Counts 5 and 6.[1]

With respect to paragraph 18, the documents attached to Plaintiffs' response to the motion to strike fill in the gaps left by paragraph 18 by providing details of their attempts to comply with the pre-suit notice requirement, as the June 30 Order directed. Therefore, the motion to strike paragraph 18 will be denied.

However, Plaintiffs are strongly cautioned that any future failure to comply with Orders of this Court may be subject to sanctions.

Accordingly, it is **ORDERED**:

1. Defendant Hernando County School Board's Motion to Strike Portions of Fourth Amended Complaint (Doc. 124) is GRANTED-IN-PART and DENIED-IN-PART.

    a. The motion is granted, to the extent that Explorer K-8 is stricken from the case caption of the Fourth Amended Complaint and this action; paragraph 22 of the Fourth Amended Complaint is stricken, and the request "For preliminary and permanent injunctive relief according to

---

[1] Because the issue is not before the Court, it makes no finding as to whether Plaintiffs have complied with the pre-suit notice requirements of § 768.28.

    proof" in the Prayer for Relief of the Fourth Amended Complaint is stricken.

   b. The motion is otherwise denied.

2. The Clerk is directed to terminate Explorer- K-8 as a party to this action.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties