UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE, by and through A.W.,
And A.W. in her own capacity,

    Plaintiffs,

v.                                                         Case No: 8:23-cv-01772-CEH-AAS

HERNANDO COUNTY SCHOOL
BOARD, et al.,

    Defendants.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

This matter comes before the Court on Defendant Hernando County School Board's Motion for Summary Judgment (Doc. 136), Plaintiffs' Opposition to Hernando County School Board's Motion for Summary Judgment (Doc. 142)[1], and Defendant's Reply in Support of Motion for Partial Summary Judgment (Doc. 144).

In their Fourth Amended Complaint, Plaintiffs bring claims against Hernando County School Board ("HCSB") for disability discrimination under the Americans with Disability Act (Count 3) and §504 of the Rehabilitation Act (Count 4); negligence (Counts 5 and 6); retaliation under the Americans with Disabilities Act (Count 9) and §504 of the Rehabilitation Act (Count 10); and failure to prevent disability discrimination under both §504 of the Rehabilitation Act (Count 11) and the

---

[1] Plaintiffs are strongly encouraged to review the local rules of the Court to which they submit motions, briefs, and other filings. Pursuant to FLMD Rule 3.01(c), the response to a motion must be no longer than 20 pages. Pursuant to FLMD Local Rule 1.08(a), submissions should have 1-inch margins, and the main text should be at least 13-point font with 2.0 doubled-spacing.

Americans with Disabilities Act (Count 12). Doc. 123. Defendant HCSB has moved for summary judgment on Counts 3 – 6 and Counts 9 – 12. This Order specifically concerns the retaliation claims raised in Counts 9 and 10.

In the Fourth Amended Complaint, Plaintiffs do not identify the DCF reports as an act of retaliation within the body of the retaliation counts (i.e., Counts 9 and 10). *See* Doc. 123 ¶¶ 141, 151. Instead, in the body of the retaliation counts, Plaintiffs only specify the following occurrences as retaliatory: multiple referrals, police reports, and the box cutter incident. *Id.* Plaintiffs do, however, mention the DCF reporting incident in the general facts of the Fourth Amended Complaint. *See* Doc. 123 ¶ 65. Further, Plaintiffs raise the DCF reports as a distinct retaliatory act in their response to Defendant's Motion for Summary Judgment. Doc. 142 at 20-22.

Defendant HCSB did not initially address the DCF reports as an act of retaliation in its Motion for Summary Judgment (Doc. 136)[2]. However, in its reply to Plaintiff's response, Defendant HCSB argues the DCF reporting allegation is unsubstantiated speculation (Doc. 144 at 8-9).

Nevertheless, neither of the parties adequately address whether HCSB's alleged reporting to DCF that A.W. abused John was a retaliatory act. Based on the Court's review of the motion, response, reply, exhibits, and relevant caselaw,[3] the Court

---

[2] The Court recognizes Defendant HCSB likely did not address Plaintiffs' argument that the DCF reports were retaliatory because the Fourth Amended Complaint did not list the DCF reports as retaliatory conduct in the body of the retaliation counts (i.e., Counts 9 and 10).

[3] On the issue of whether the DCF reports constitute a retaliatory act, the Court has reviewed the following decisions. *See, e.g., Burgos-Stefanelli v. Sec'y, U.S. Dep't of Homeland Sec.,* 410 F. App'x 243, 245 (11th Cir. 2011); *Frazier-White v. Gee,* 818 F.3d 1249, 1258 (11th Cir. 2016); *Wilbourne v. Forsyth Cnty.*

2

requests supplemental briefing on the following: (1) whether Plaintiffs have established a *prima facie* case that the DCF reporting constituted a retaliatory act; (2) whether Defendant HCSB contends that Plaintiffs have not established a *prima facie* case of retaliation with regard to the DCF reporting; and (3) is there a legitimate, non-retaliatory reason that the DCF reports were made?

Accordingly, and under Fed. R. Civ. P. 56(f)(2),[4] it is **ORDERED**:

1. The Parties are directed to file supplemental briefing regarding the issues discussed in this Order.

    a. Defendant may file a supplement to their motion that does not exceed seven (7) pages, inclusive of all parts except for the service block, within ten (10) days of the date of this Order.

---

*Sch. Dist.*, 306 F. App'x 473, 476 (11th Cir. 2009); *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1183 (11th Cir. 2003).

[4] Pursuant to Rule 56(f)(2), a district court cannot grant summary judgment on "grounds not raised by a party" unless it first provides the parties with "notice and a reasonable time to respond[.]" *See Breeding v. Integrated Behav. Health Inc.,* No. 22-10374, 2023 WL 3735341, at 2 (11th Cir. May 31, 2023).

The text of Rule 56(f) states that, at summary judgment:

> **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

3

      b. Plaintiffs may file a response to Defendant's supplement that does not exceed seven (7) pages, inclusive of all parts except for the service block, within ten (10) days of the filing of Plaintiffs' supplement.

2. Ruling is **DEFERRED** on Defendant's Motion for Summary Judgment (Doc. 136) until the supplemental briefing is complete.

**DONE** and **ORDERED** in Tampa, Florida on February 27, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record