**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN DOE, by and through A.W., and
A.W. in her own capacity,

      Plaintiffs,

v.                                    Case No: 8:23-cv-1772-CEH-AAS

HERNANDO COUNTY SCHOOL
BOARD, et al.,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant Hernando County School Board's Motion to Strike A.W.'s Declaration. Doc. 161. Defendant requests that the Court strike the Declaration of A.W. (Doc. 157-3) filed with Plaintiffs' Response to Defendant's Supplemental Brief (Doc. 157). Plaintiffs filed a response opposing Defendant's Motion to Strike[1]. Doc. 163. The Court, having considered Defendant's Motion to Strike and being fully advised in the premises, will grant the motion.

---

[1] Plaintiffs are reminded to review the local rules of the Court to which they submit pleadings, motions, and other filings. The local rules are typically available on the website of the pertinent district court. The typography requirements for the Middle District of Florida are outlined in FLMD Local Rule 1.08(a). Plaintiffs' Response to Defendant's Motion to Strike appears to be written using 12-point Times New Roman font, which is a typeface/font-size combination not permitted by the local rules.

## I.    BACKGROUND

Plaintiffs brought this disability discrimination action against Defendant Hernando County School Board ("HCSB") alleging, *inter alia*, that HCSB discriminated and retaliated against Plaintiffs, in violation of the Americans with Disabilities Act and Rehabilitation Act. Doc. 123. Upon review of HCSB's Motion for Summary Judgment (Doc. 136), Plaintiffs' Response in Opposition (Doc. 142), HCSB's Reply in Support for the Motion for Summary Judgment (Doc. 144), and HCSB's Notice of Supplemental Authority (Doc. 154), this Court directed the parties to submit supplemental briefing regarding Plaintiffs' retaliation claims (Doc. 155).

Defendant HCSB submitted a supplemental brief. Doc. 156. Plaintiffs also submitted a supplemental brief. Doc. 157. However, with their brief, Plaintiffs attached, *inter alia*, a Declaration of A.W. Doc. 157-3. Plaintiffs did not provide A.W.'s Declaration with their Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 142), or with any other filing associated with HCSB's Motion for Summary Judgment. The Declaration appears to put forth facts to substantiate Plaintiffs' argument that the DCF reports constituted an adverse action. *See* Doc. 157 at 3.

## II.    DISCUSSION

Parties are not permitted to file supplemental briefs **or materials** without the Court's permission. *Leatherwood v. Anna's Linens Co.,* 384 F. App'x 853, 857 (11th

2

Cir. 2010) (emphasis added). This Court's Order Directing Supplemental Briefing (Doc. 155) instructed the parties to brief a discrete legal issue and did not instruct or permit the parties to bolster the record with additional evidence. Consistent with Rule 56, Fed. R. Civ. P., if Plaintiffs wanted to submit additional evidence in opposition to Defendants' motion for summary judgment and in support of their supplemental briefing, the proper procedure for Plaintiffs to supplement the record is to request leave of the Court.  This was not done. Accordingly, it is

**ORDERED:**

1.  Defendant's Motion to Strike A.W.'s Declaration (Doc. 161) is **GRANTED**.

2.  The Declaration of A.W. (Doc. 157-3) is **STRICKEN**. The Court will not consider any argument in Plaintiffs' supplemental briefing regarding the Declaration of A.W.

   **DONE AND ORDERED** in Tampa, Florida on April 16, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

3