UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE, by and through A.W.,
and A.W. in her own capacity,

     Plaintiff,

v.                                                                    Case No: 8:23-cv-01772-CEH-AAS

HERNANDO COUNTY SCHOOL
DISTRICT, et al.,

     Defendants.

_____

## **ORDER**

This matter comes before the Court on Plaintiffs' Motion for Leave to Cite Record in Lieu of Stricken Declaration. Doc. 165. At the direction of the Court, the parties filed supplemental briefs regarding whether the DCF reports constituted retaliation. *See* Docs. 155-157. In their brief, Plaintiffs cited to a declaration signed by A.W. Doc. 157. Defendant Hernando County School Board ("HCSB") moved to strike the declaration as untimely, improperly-submitted new evidence. Doc. 161. The Court granted HCSB's motion and struck A.W.'s declaration. Doc. 164. Plaintiffs now move for leave to cite to the record in lieu of the stricken declaration.

Relevant evidence is that which has a tendency to make a fact more probable or less probable than it would be without the evidence, and it presents a fact that is of consequence in determining the action. Fed. R. Civ. P. 401; *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999). Here, Plaintiffs provided seven excerpts

1

from A.W.'s deposition testimony to which they would like to cite to support the retaliation claims in Counts 9 and 10. Doc. 165 at 2-4. However, as HCSB aptly notes, Counts 9 and 10 of the operative complaint name John Doe, not A.W., as the injured individual against whom HCSB retaliated. Doc. 123. Therefore, A.W.'s testimony wherein she recounts how HCSB retaliated against her are not relevant to show that HCSB retaliated against John Doe.

Moreover, when plaintiffs fail to cite to deposition testimony in their initial response to a motion for summary judgment, but, instead, provide the citations in a motion to reconsider without an adequate explanation for the delay, a district court is not required to consider the deposition testimony. *Martin v. Halifax Healthcare Sys., Inc.,* 621 F. App'x 594, 601 (11th Cir. 2015); citing *Young v. City of Palm Bay, Florida*, 358 F.3d 859, 864 (11th Cir. 2004) ("the district court had a range of options which included refusing to consider untimely filings"). Here, neither in their initial response (Doc. 142) nor in their supplemental brief (Doc. 157), did Plaintiffs cite to any of the seven deposition excerpts they now request the Court to consider, and they have not provided an explanation for their failure to do so. Therefore, this Court is under no obligation to consider the proffered citations as to the retaliation claims of John Doe.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion for Leave to Cite to Record in Lieu of Stricken Declaration (Doc. 165) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties